ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 19, 2005

The Honorable Frank J. Corte Jr.
Chair, Committee on Defense Affairs
  and State-Federal Relations
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0297

Re: Whether Local Government Code section 214.212(c)(1), which permits a municipality to adopt local amendments to the International Residential Code, limits the municipality to adopting only amendments that are equivalent to or more stringent than the standards of the International Residential Code  (RQ-0256-GA)

Dear Representative Corte:

You ask whether Local Government Code section 214.212(c)(1), which permits a municipality to adopt local amendments to the International Residential Code (the "IRC"), limits the municipality to adopting only amendments that are equivalent to or more stringent than the standards of the International Residential Code.[1]

In 2001, the Seventy-seventh Legislature enacted Local Government Code section 214.212, which adopted the IRC as the municipal residential construction code for Texas, in Senate Bill 365. *See* Act of May 2, 2001, 77th Leg., R.S., ch. 120, § 1, 2001 Tex. Gen. Laws 238, 238-39. The House Research Organization explained the IRC in its bill analysis of the House companion bill to Senate Bill 365:

> Over the course of the 20th century, three non-profit organizations . . . developed separate sets of building codes that are used throughout the United States. In 1994, these three groups formed the International Code Council (ICC) and promulgated a single national model construction code, the International Building Code (IBC). One section of the IBC is the International Residential Code (IRC), which provides rules for the construction and repair of one- and two-family dwellings.

---

[1] *See* Letter from Honorable Frank J. Corte Jr., Chair, Committee on Defense Affairs and State-Federal Relations, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General at 1 (Aug. 9, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

HOUSE COMM. ON LAND & RESOURCE MGMT., HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. C.S.H.B. 2411, 77th Leg., R.S. (2001).

Before section 214.212 was enacted, Texas cities were not required to use any particular building code, and this fact required builders to understand and comply with multiple building codes, which caused confusion and delays throughout the construction process. *See* SENATE COMM. ON BUSINESS & COMMERCE, BILL ANALYSIS, Tex. S.B. 365, 77th Leg., R.S. (2001) (Enrolled version). Section 214.212, therefore, requires the IRC as it existed on May 1, 2001 to be the sole municipal building code of Texas. *See* TEX. LOC. GOV'T CODE ANN. § 214.212(a) (Vernon Supp. 2004-05).

Specifically, section 214.212 provides:

(a) To protect the health, safety, and welfare, the International Residential Code, as it existed on May 1, 2001, is adopted as a municipal residential building code in this state.

(b) The International Residential Code applies to all construction, alteration, remodeling, enlargement, and repair of residential structures in a municipality.

(c) A municipality may establish procedures:

(1) to *adopt local amendments* to the International Residential Code; and

(2) for the administration and enforcement of the International Residential Code.

(d) A municipality may review and consider amendments made by the International Code Council to the International Residential Code after May 1, 2001.

*Id.* § 214.212 (emphasis added).

With respect to your question, section 214.212 permits a municipality to "establish procedures . . . to adopt local amendments to the International Residential Code." *Id.* § 214.212(c)(1). You inform us that "[t]his wording has been interpreted inconsistently by different municipalities in adopting local amendments to various sections of the [IRC]." Request Letter, *supra* note 1, at 1. Apparently, some municipalities have adopted amendments to the IRC that have resulted in less stringent residential building standards than the May 1, 2001 version initially required by section 214.212.[2] You argue that the legislative intent behind section 214.212's adoption

---

[2]*See* Brief from Jay Dyer, Director of Regulatory Affairs, Texas Association of Builders, to Honorable Greg Abbott, Texas Attorney General at 2 (Sept. 17, 2004) [hereinafter TAB Brief].

was to "establish[ ] a uniform *minimum* level of residential building standards." *Id.* at 2 (emphasis added). You also argue that the Property Code supports the idea that section 214.212 establishes a uniform minimum level of residential building standards because the Property Code's relevant provisions refer to the IRC of section 214.212 as the foundation on which all residential building standards and statutory warranties are based in Texas. *See id.*; *see also* TEX. PROP. CODE ANN. §§ 428.004, 430.001 (Vernon Supp. 2004-05). You ask, consequently, for a clarification of section 214.212. *See* Request Letter, *supra* note 1, at 1.

In construing a statute we are charged with determining and giving effect to the legislature's intent. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). This is accomplished by establishing the "plain and common meaning of the statute's words." *Id.* Generally, if a statute's meaning is unambiguous, we interpret the statute according to its plain meaning. *See id.* However, we determine legislative intent from the entire act and not just isolated portions. *See id.*; *see also* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (regardless of whether a statute is considered ambiguous, a court may consider, *inter alia*, the circumstances under which the statute was enacted and the legislative history). With these rules guiding our discussion, we now turn to your question.

The Local Government Code does not define the term "amendments." We construe words and phrases according to the rules of grammar and common usage, unless the words and phrases have acquired a technical or particular meaning. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). Our research does not indicate that the term "amendments" has acquired a technical or particular meaning. As such, we construe this term according to its common usage. Black's Law Dictionary defines "amendment" as "[an alteration] by modification, deletion, or addition." BLACK'S LAW DICTIONARY 74 (5th ed. 1979). This definition does not create any ambiguity in section 214.212. Therefore, an interpretation of section 214.212 based on its plain language permits municipalities to alter, modify, delete, or add provisions to the International Residential Code as it existed on May 1, 2001. The legislature in adopting section 214.212, under this analysis, did not indicate the intent to limit the substance of a municipality's local amendment.

This analysis is consistent with the legislature's use of the "local amendment" scheme in another statute adopted during the same legislative session in which section 214.212 was adopted. *See* TEX. HEALTH & SAFETY CODE ANN. § 388.003 (Vernon Supp. 2004-05). A brief sent in response to your request informs us that section 388.003 of the Health and Safety Code establishes a statutory scheme similar to that of section 214.212, but adds limiting language that controls the effect a local amendment can have. *See* TAB Brief, *supra* note 2, at 4; *see also* TEX. HEALTH & SAFETY CODE ANN. § 388.003 (Vernon Supp. 2004-05).

Specifically, section 388.003 adopts the IRC's energy efficiency chapter and the International Energy Conservation Code as they existed on May 1, 2001 to be the energy codes in Texas for certain types of residential, commercial, and industrial construction. *See* TEX. HEALTH & SAFETY CODE ANN. § 388.003(a)-(b) (Vernon Supp. 2004-05). Section 388.003, subsection (d) authorizes a municipality to "establish procedures to *adopt local amendments* to the International Energy Conservation Code and the energy efficiency chapter of the International Residential Code." *Id.*

§ 388.003(d) (emphasis added). However, section 388.003 contains the limitation that "[l]ocal amendments *may not result in less stringent energy efficiency requirements* in nonattainment areas and in affected counties than the energy efficiency chapter of the International Residential Code or International Energy Conservation Code." *Id.* § 388.003(e) (emphasis added).

By contrast, section 214.212 does not contain the limiting language that section 388.003 does. If the legislature had intended section 214.212 to create a minimum building standard below which municipalities could not go in adopting local amendments to the IRC, then the legislature could have used the same language it used in adopting the sister scheme of section 388.003. The legislature did not, and we must give meaning to this omission. *Cf. Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001) (when the legislature has used a term in one section of a statute and excluded it in another, a court will not imply the term where it has been excluded).

You also argue that provisions in the Property Code provide further support for your contention that the legislature's intent with section 214.212 was to establish minimum building standards for Texas municipalities. *See* Request Letter, *supra* note 1, at 2. You cite to Property Code chapters 428 and 430 as providing this support. *See id.*

You note that Property Code section 430.001 charges the Residential Construction Commission with adopting statutory warranties and building and performance standards for residential construction throughout the state. *See id.; see also* TEX. PROP. CODE ANN. § 430.001(a) (Vernon Supp. 2004-05). The Property Code further requires that the statutory warranties and building and performance standards be in "substantial compliance with the nonelectrical standards contained in the version of the [IRC] . . . that is applicable under [section 430.001] Subsection (d)." TEX. PROP. CODE ANN. § 430.001(c)(1) (Vernon Supp. 2004-05). And the applicable version of the IRC for these purposes is the IRC version "applicable to nonelectrical aspects of residential construction *in the municipality* under Section 214.212, Local Government Code." *Id.* § 430.001 (d)(1) (emphasis added). Property Code chapter 428, which describes a state-sponsored residential construction dispute resolution process, relies on the statutory warranties and building and performance standards created under section 430.001 to determine whether there is a construction defect that must be remedied. *See id.* § 428.004(c)(1) (requiring a third-party inspector's recommendation to "address only the construction defect, based on the applicable warranty and building and performance standards").

You argue that "[a] failure to build to [the standards created under Property Code section 430.001] is considered a construction defect." Request Letter, *supra* note 1, at 2. We understand your argument to be premised on the idea that the Property Code's reference to section 214.212's IRC is a reference to a static version of the IRC – presumably the May 1, 2001 version initially adopted as the Texas residential municipal construction code.

For residential construction located in a municipality, the IRC that applies to the nonelectrical aspects of residential construction for the purposes of the limited statutory warranties and building and performance standards under Property Code section 430.001 is the version of the IRC applicable to the construction *in the municipality* under section 214.212 of the Local Government Code. *See*

TEX. PROP. CODE ANN. § 430.001(d)(1) (Vernon Supp. 2004-05). The version of the IRC that is applicable in a municipality under section 214.212 is the IRC version that exists as amended, if at all, by the municipality. *See* TEX. LOC. GOV'T CODE ANN. § 214.212(c)(1) (Vernon Supp. 2004-05). As we established, the legislature did not manifest the intent to create a static IRC version applicable to all municipalities; rather the legislature designed section 214.212 to create one residential construction code for ease of reference, while granting municipalities substantial discretion to adapt the IRC's standards to meet local conditions. The Property Code was designed to adjust automatically to a municipality's local amendments to the IRC. Consequently, neither chapter 428 nor chapter 430 of the Property Code limit municipalities to maintaining uniform or more stringent IRC standards.

In sum, section 214.212's plain language does not limit the local amendments to the IRC authorized under that section to be only amendments that result in more stringent building standards. The Texas legislature did not intend for section 214.212 to create a minimum set of building standards for Texas municipalities.

## S U M M A R Y

Local Government Code section 214.212(c)(1), which permits a municipality to adopt local amendments to the International Residential Code, does not limit the municipality to adopting only local amendments that are equivalent to or more stringent than the standards of the International Residential Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee